UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANG VAN HUYNH,**<br>     Petitioner,<br><br>v.<br><br>**ANTONE MONIZ,** Superintendent of the<br>Plymouth County Correctional Facility;<br>**PATRICIA HYDE,** Field Office Director;<br>**TODD LYONS,** Acting Director, U.S.<br>Immigrations and Customs Enforcement; and<br>**KRISTI NOEM,** Secretary of the U.S.<br>Department of Homeland Security, et al.<br><br>     **Respondents.** | Civil Action No. 26-cv-10738-RGS |

ORDER CONCERNING SERVICE OF PETITION
AND STAY OF TRANSFER OR REMOVAL

**STEARNS, D.J.**

Petitioner Dang Van Huynh ("Petitioner") is a fifty-two-year-old Vietnamese national, born on December 31, 1973, in My Tho, Vietnam. Petitioner entered the United States as a teenager, in or about April 21, 1991, at or near Seattle, Washington, after time in a refugee camp in the Philippines. He subsequently became a Lawful Permanent Resident ("LPR"). Prior to detention, Petitioner resided at 2100 Phillips Road, New Bedford, Massachusetts, a home he has owned and lived in for approximately twelve years. Petitioner is married to Tina Thi Nguyen, a United States citizen residing in Massachusetts. On information and belief, on December 3, 2025, Petitioner appeared for a scheduled USCIS biometrics / photographs appointment in Rhode Island relating to his employment authorization under his longstanding immigration supervision status, where he was taken into custody by Immigration and Customs Enforcement (ICE) and transferred to the Plymouth County House of Corrections. The court hereby orders as follows:

1. **Service of Petition**

The clerk of this court shall serve a copy of the petition upon respondents and the United States Attorney for the District of Massachusetts with 72 hours of the issuance of the Order.

**2.   Response to Petition**

Respondents shall respond to the petition no later than February 17, 2026.

**3.   Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the petitioner was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

In order to give the court an opportunity to consider the validity of the habeas petition, the court may order respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).

**4.     Order**

In order to provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

**a.     Stay of Transfer or Removal**

Petitioner shall not be transferred to another district or outside the jurisdiction of the United States unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement and a lift of the stay is necessary pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.

**b.     Measurement of Time Periods**

If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

If either of the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court. SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

Issued at Boston, Massachusetts
February 11, 2026, 8:25 a.m.